FILED
United States Court of Appeals
Tenth Circuit

August 13, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

BULMARO PENA-RODRIGUEZ,

      Defendant-Appellant.

No. 12-1203
(D.C. No. 1:11-CR-00517-REB-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **TYMKOVICH**, and **MATHESON**, Circuit Judges.

---

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Bulmaro Pena-Rodriguez's plea agreement.

The defendant pleaded guilty to unlawfully re-entering the United States after

deportation after an aggravated felony conviction. Pursuant to the plea agreement,

the defendant waived his right to appeal his conviction or, with certain exceptions,

---

[*]    This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his sentence. The defendant's advisory sentencing guideline range was 46 to 57 months' imprisonment, but the district court departed downward and imposed a prison sentence of 36 months. Nonetheless, the defendant filed a notice of appeal.

The government has filed a motion to enforce the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In response, the defendant concedes through counsel that there are no arguments that can be presented in response to the motion to enforce. We have reviewed the motion, the record, and the defendant's response, and we agree that the defendant's proposed appeal falls within the scope of the appeal waiver, that he knowingly and voluntarily waived his appellate rights, and that enforcing the waiver would not result in a miscarriage of justice. *See id.* at 1325 (describing the factors this court considers when determining whether to enforce a waiver of appellate rights).

Accordingly, we GRANT the motion to enforce the appeal waiver and DISMISS the appeal.

Entered for the Court
Per Curiam